UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISON

| | | |
|---|---|---|
| BRANDON WALKER, | § | |
| | § | |
| **Plaintiff,** | § | CIVIL ACTION NO. 4:22-cv-492 |
| v. | § | |
| | § | |
| TARRANT COUNTY | § | JURY TRIAL DEMANDED |
| | § | |
| **Defendant.** | § | |
| | § | |

## ORIGINAL COMPLAINT

Plaintiff BRANDON WALKER ("Plaintiff"), by and through his attorneys, bring this action for damages and other legal and equitable relief from Defendant TARRANT COUNTY ("Defendant") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*., the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.* ("TLC"), and any other causes of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1.      This is an action brought by Plaintiff seeking damages from Defendant for acts of unlawful retaliation. Defendant's acts of retaliation are in violation of Title VII, the TLC, and any other cause(s) of action that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress

providing for the protection of civil rights and (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. §§ 2000e *et seq*., as amended.

3.      The Court's supplemental jurisdiction is invoked to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this Court as the unlawful employment practices occurred in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendant maintains offices, conducts business and resides in this district.

## PARTIES

5.      Plaintiff Brandon Walker is a person who has been aggrieved by Defendant's actions. He is and has been a resident of Tarrant County, Texas.

6.      At all relevant times, Plaintiff was Defendant's employee and therefore covered by Title VII and the TLC.

7.      Defendant Tarrant County is located within the State of Texas and within the Northern District of Texas. Defendant Tarrant County employs over five-hundred (500) employees.

8.      During all relevant times, Defendant has been an employer covered by Title VII and the TLC.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

9.      Plaintiff, who has herein alleged claims pursuant to Title VII, has timely filed his Charge of discrimination with the Equal Employment Opportunity Commission, which constitutes a cross-filing with the Texas Commission on Human Rights ("TCHR").

10.     Plaintiff has received his Notice of Right to Sue from the EEOC within 90 days prior to the filing of this Complaint.

## STATEMENT OF THE FACTS

11.     At all relevant times, Plaintiff was a Sheriff's Deputy employed by Defendant to work in the Tarrant County Sheriff's Office.

12.     Prior to the charge that led to the filing of this lawsuit, the Plaintiff filed a charge with the Fort Worth Human Rights Commission, which was dual filed with the EEOC, in or around August 15, 2018 and related to experiences of race discrimination and retaliation during his employment with Defendant.

13.     The charge alleged issues involving discriminatory treatment Plaintiff experienced by his supervising lieutenants and other supervisors or employees employed with Defendant.

14.     During the course of the EEOC's investigation, Plaintiff was subjected to the adverse employment action of a third-level disciplinary action under Defendant's policies and procedures.

15.     Based on Defendant's policies, the adverse employment action underwent a lengthy investigation process, resulting in Plaintiff receiving a Final Decision Letter indicating that Defendant would be punishing Plaintiff with a three-day suspension without pay. Plaintiff sought to appeal the suspension.

16.     During this time, Plaintiff's EEOC charge was still open and undergoing investigation.

17.     Subsequently, Plaintiff's EEOC charge was transferred to the Dallas District EEOC office on or around November 17, 2020. Defendant was then notified that the Dallas District EEOC office required Defendant to submit a position statement regarding Plaintiff's charge.

18.     At or around this time, in close temporal proximity to Defendant's notification of the position statement requirement, Plaintiff was subjected to Defendant's final decision to subject him to a three-day suspension without pay.

19.     The institution of Plaintiff's suspension without pay was an adverse employment action in retaliation for Plaintiff's engaging in the activity of filing an EEOC Charge of Discrimination.

## AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
(Retaliation)**

20.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

21.     Plaintiff engaged in protected employment activities through the submission of his charges of discrimination with the Fort Worth Human Rights Commission and the EEOC.

22.     The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Defendant has engaged in retaliatory acts with respect to the terms and conditions of Plaintiff's employment.

23.     Plaintiff's requests for relief are set forth below.

## AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*
(Discrimination)**

24.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

25.     Plaintiff engaged in protected employment activities through the submission of his charges of discrimination with the Fort Worth Human Rights Commission and the EEOC.

4

26.     The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*, as Defendant has engaged in retaliatory acts with respect to the terms and conditions of Plaintiff's employment.

27.     Plaintiff's requests for relief are set forth below.

## DEMAND FOR JURY TRIAL

28.     Plaintiff demands a jury trial on all matters raised in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant as follows:

A.  A judgment declaring that the practices complained of herein are unlawful and in violation of Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 2000e et seq. and the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*;

B.  All damages which Plaintiff has sustained as a result of Defendant's conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits he would have received but for Defendant's retaliatory practices, and for emotional distress, humiliation, embarrassment, anguish and loss of enjoyment of life.

C.  Exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious, reckless, and/or intentional conduct;

D.  Awarding Plaintiff the costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees and other costs;

E.  Pre-judgment and post-judgment interest, as provided by law;

Plaintiff further demands that it be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

Dated: May 06, 2022                      Respectfully submitted,

                                         */s/ David W. Henderson*
                                         David W. Henderson
                                         Texas State Bar No. 24032292
                                         dhenderson@equalrights.law
                                         J. Sebastian Van Coevorden
                                         Texas State Bar No. 24128101
                                         svancoevorden@equalrights.law
                                         **ELLWANGER LAW LLLP**
                                         400 S. Zang Blvd. Ste. 600
                                         Dallas, TX 75208
                                         Telephone: (469) 998-6775
                                         Facsimile:  (469) 998-6775

                                         ***COUNSEL FOR PLAINTIFF***